David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com
-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, as subrogee of Mitchell Aircraft Spares, Inc. | : | ECF CASE |
| | : | |
| | | 07 Civ. 8658 (PKC) |
| Plaintiff, | : | |
| | | COMPLAINT |
| - against - | : | |
| | | |
| DHL EXPRESS; DHL; | : | |
| | | |
| Defendants. | : | |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1. Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania, and sues herein as the subrogated insurer of Mitchell Aircraft Spares, Inc. and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2. Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states or foreign sovereigns.

3. This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York and the United States as a whole.

## FIRST CAUSE OF ACTION

4. Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5. This Court has federal question subject matter jurisdiction pursuant to 28 USCA 1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

6. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments, protocols and successor treaties thereto in effect in the country of origin and destination at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, <u>1999 WL 33292734 (2000)</u> (entered into force Nov. 4, 2003) ("Montreal Convention").

7. This action involves nondelivery, damage and loss to a shipment of civil aircraft parts which moved from Cary, Illinois, to Embaba Giza, Egypt, as described more fully in DHL Express air waybill JLH-8408047174 dated on or about October 7, 2005, and others.

8. Said nondelivery, damage and loss was the result of defendant's recklessness fault, wanton neglect, and willful misconduct in that defendant, its agents,

servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly receive, handle, protect, carry, transfer, and care for the cargo in question and in that defendant had no proper and effective procedures to receive, handle, protect, carry, transfer and care for the cargo.

9. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $7,224.00, no part of which has been paid although duly demanded.

10. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this complaint.

12. Defendants' air waybills were not issued in a timely manner and did not comply with, or contain all the particulars required by, the Warsaw Convention, including Article 8.

13. Therefore, pursuant to the Warsaw Convention, including Article 9, defendant may not avail itself of the provisions of the Convention which allegedly exclude or limit its liability.

## THIRD CAUSE OF ACTION

14. Plaintiff repeats and realleges the allegations in paragraphs 1,2,3,5,7,8,9 and 10 of this complaint.

15. When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and

condition. However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead the cargo was in damaged and depreciated condition at the time of delivery, and certain items were missing and not delivered.

16. Therefore, defendants, as common carriers, bailees, and/or warehousemen, are liable to plaintiff for the claimed damage to the cargo in suit.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

(a) for the sum of $7,224.00;

(b) for prejudgment interest at the rate of 9% per annum;

(c) for the costs and disbursements of this action;

(d) for such other and further relief as this Court deems proper and just.

Dated: New York, New York
October 5, 2007

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____

David L. Mazaroli (DM3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel: (212)267-8480
Fax: (212)732-7352
E-mail: dlm@mazarolilaw.com
File: 7G-1543